UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 18-CR-173

BRIAN D. WICKERSHAM,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS COUNTS THREE

On August 28, 2018, a Grand Jury sitting in Milwaukee, Wisconsin returned an Indictment charging Defendant Brian D. Wickersham with three separate counts. Count One charges the defendant with using a facility and means of interstate commerce to knowing attempt to persuade, induce, entice, and coerce John Doe, an individual who had not attained the age of 18 years, to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b) and 3559(e). Count Two charged the defendant with knowingly transporting John Doe in interstate commerce with the intent of engaging in sexual activity in violation of 18 U.S.C. § 2423(a) and 3559(e). Lastly, Count Three charged that the defendant, an individual who has a prior conviction for First Degree Sexual Assault of a Child in the State of Wisconsin, and who is required by federal and other law to register as a sex offender, committed the offenses charged in Counts One and Two of the Indictment, in violation of Title 18 U.S.C. § 2260A and 3559(e). The defendant entered not guilty pleas as to all three counts and has since moved to dismiss Count Three on the ground that it fails to allege a crime.

Section 3559(e) is a statute that mandates a life sentence for certain qualifying defendants and qualifying crimes. More specifically, and as applied to this case, it mandates a life sentence for a person who is convicted of a federal sex offense in which a minor is the victim if the person has

a prior sex conviction in which a minor was a victim. 18 U.S.C. § 3559(e)(1). The defendant has moved for dismissal of Count Three on the ground that § 2260A, a violation of which is alleged in Count Three, is not among the offenses to which § 3559(e) applies. Since § 2260A is not among those offenses, the defendant argues that the count is defective and must be dismissed.

I agree with the defendant that § 2260A is not among the statutes the violation of which results in a mandatory life sentence for persons with a prior sex crime conviction under § 3559(e). In fact, § 2260A does not state a crime at all. Entitled "penalties for registered sex offenders," § 2260A is a penalty enhancement provision that applies to registered sex offenders who then go on to commit further sex crimes. Section 2260A adds a consecutive ten years to any sentence imposed on such a defendant who commits another sex crime. It thus follows that it is improper to allege a violation of § 2260A as a separate crime. Instead, the indictment need only reference that section in the specific counts to which it applies so the defendant has notice of it. Here, that is Counts One and Two.

The same is true of § 3559, which deals with "sentencing classification of offenses." Subsection (e) of that section likewise does not define a separate crime, but enhances the penalty for a defendant covered by it who is convicted of an underlying crime to which it applies. In other words, § 3559, like § 2260A, is a penalty enhancement provision. Section 3559(e) mandates a life term for person who commits certain enumerated offenses if the person has a prior sex conviction in which the victim was a minor.

Since § 3559(e) is referenced in both Counts One and Two, the defendant is already on notice that conviction of either of those Counts mandates a life sentence if the defendant "has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." 18 U.S.C. § 3559(e)(1). And having asserted § 2660A as a separate count, the defendant is also on

2

notice that the penalty enhancement provided in that section may also apply to Counts One and Two, in the event § 3559(e) does not apply and render it irrelevant. But because § 2660A by itself does not create a separate crime, it is improper to assert a violation of that section as a separate count in the Indictment. Count Three is therefore ordered dismissed as a separate count of the Indictment, but the allegations included therein—namely that Defendant Wickersham "has a prior conviction for First Degree Sexual Assault of a Child in the State of Wisconsin," and "is required by Federal or other law to register as a sex offender"—shall remain so as to provide the defendant notice of the enhanced penalties that may apply under those sections upon conviction of Count One or Two if in fact he is a registered sex offender who has a prior sex conviction in which a minor was the victim.

**SO ORDERED** at Green Bay, Wisconsin this __2nd__ day of January, 2019.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach, Chief Judge
                                                      United States District Court